UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION
CIVIL ACTION NO: 3:12-CV-01308-JFA

| | |
|---|---|
| Inheritance Funding Company, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER OF JUDGMENT BY DEFAULT** |
| ) | **AS TO DEFENDANTS DARIAL** |
| Darial Chatman, Calvin Chatman, Kimberly ) | **CHATMAN, CALVIN CHATMAN AND** |
| Chatman, James Shadd, III, and David N. ) | **KIMBERLY CHATMAN** |
| Wirth, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Inheritance Funding Company, Inc. ("IFC") has moved pursuant to Rules 5(a)(2), 54 and 5(b) of the Federal Rules of Civil Procedure for the entry of a judgment by default as to Defendants Darial Chatman, Calvin Chatman and Kimberly Chatman (the "Chatman Defendants"). This motion is based upon the pleadings and the sworn affidavit of IFC counsel attesting to the liquidated damages as evidenced by documents filed in the Richland County Probate Court.

Plaintiff commenced this action on May 17, 2012, by filing the Complaint against Defendants. In compliance with Federal Rule of Civil Procedure 4(c), the Chatman Defendants were served with a copy of the Summons and Complaint. Calvin Chatman was personally served on May 30, 2012 and his answer was due on May 20, 2012. Kimberly Chatman was personally served on May 30, 2012 and her answer was due on May 20, 2012. Darial Chatman was personally served on July 17, 2012 and his answer was due on August 7, 2012. However, no responsive pleading has ever been filed or served. On October 29, 2012, pursuant to Plaintiff IFC's motion, the Clerk entered default against all three defendants.

The Complaint seeks judgment against the Chatman Defendants for actual damages, punitive damages, costs and expenses and for such other and further relief as this Court might deem just and proper. The Complaint states claims against the Chatman Defendants for fraud, civil conspiracy and violation of RICO, 18 U.S.C. §§ 1962, 1964(c). In an effort to bring an efficient resolution to this dispute, Plaintiff IFC has limited its request to an award of only actual damages, together with an award of pre-judgment interest, on the fraud claim only.

While the factual matters alleged in the Complaint are taken as true for purposes of damages, brief comment upon the fraudulent scheme involved in this case is warranted. Essentially, Darial Chatman seized the opportunity upon his mother's death to become the Estate's Personal Representative. By means of forging or altering bank documents, certificates of deposit and other records, he filed an Appraisement and Inventory with the Richland County Probate Court reflecting that his mother's Estate had more than $2.8 million in assets. He then recruited his sister, Kimberly, and older brother, Calvin, in a scheme by which these fictitious assets were used to induce Plaintiff to advance $500,000.00 in funds to Kimberly and Calvin collateralized by an assignment of their distributive shares of the proceeds of the Estate when probate was completed. Kimberly and Calvin Chatman received the funds and then transferred the advanced funds to Darial who spent them in various business ventures. By means of further falsified documents filed with the Probate Court, the Chatman Defendants were able to escape detection until all the advanced funds were expended. In hearings before the Probate Judge, Kimberly and Calvin admitted knowing that no Estate assets existed. Both received a comparatively small portion of the funds as compensation for their roles in the scheme. When the scheme was discovered, the funds had been spent and no longer existed. Plaintiff IFC was defrauded by the Chatman Defendants out of the entire $500,000.00 advanced.

Having considered Plaintiff's motion, the pleadings and sworn declaration, the Court has determined that the requested judgment against Defendants Darial Chatman, Calvin Chatman and Kimberly Chatman is appropriate and that Plaintiff IFC has sustained actual damages of $500,000.00.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the motion for default judgment be, and hereby is, **GRANTED**, and the Court further orders

1. That judgment be entered in this action against the Defendants Darial Chatman, Calvin Chatman and Kimberly Chatman, jointly and severally, for the sum of Five Hundred Thousand One Hundred Ten and no/100 ($500,000.00) Dollars;

2. That entry of this judgment represents a conclusion of this case and that, per a prior settlement, Defendant James Shadd III is dismissed with prejudice.

IT IS SO ORDERED.

August 28, 2014                                            Joseph F. Anderson, Jr.
Columbia, South Carolina                           United States District Judge